FETTERS v. UNION TRACTION CO.

(Circuit Court, E. D. Pennsylvania. June 27, 1899.)

No. 88.

TRIAL—JUDGMENT NOTWITHSTANDING VERDICT.

Where there is any evidence creating a conflict as to a material question of fact, the case cannot be withdrawn from the jury, nor can a judgment be rendered notwithstanding the verdict.

On Motion by Defendant for Judgment on Point Reserved.

James M. Beck, for plaintiff.

Thomas Leaming, for defendant.

McPHERSON, District Judge. The defendant's argument puts forward all that can be profitably said in support of the motion for judgment notwithstanding the verdict, but it has failed to convince me that the motion should prevail. I am still of opinion that the opening of the protective platform was the defendant's act, and that the defendant was bound to restore it to its original condition within a reasonable time. This presented a question of fact, and if there was evidence that the injury was caused by the failure thus to restore it the question could only be answered by the jury. I have examined the notes of testimony carefully, and think that sufficient evidence was offered to justify the jury in concluding that the injury

was caused either by the stringer falling through the opening, or by the stringer breaking through the platform after it had been disarranged and weakened by the defendant's act. If it was caused by a fall through the opening, I do not understand the defendant to deny that liability may exist, if the terms of the contract do not prevent recovery. The present motion is mainly based upon the allegation that the uncontradicted testimony shows the injury to have been caused by the stringer breaking through a part of the platform that had not been disturbed at all, and therefore had not been weakened by the defendant's act. Upon this point there is, no doubt, some evidence from which such an inference can be drawn. But I think it is a mistake to suppose that there is no other testimony leading to a different conclusion. For example, the platform was only about 18, or perhaps 23, feet from the point where the stringer began its descent. Whether the stringer could gather sufficient momentum in a descent of 23 feet to crash through an inch board is certainly a matter which a jury alone could determine. One witness thought it could not gather such momentum. He also said that the platform was strong enough to hold five or six men. Concerning the condition of the platform, several witnesses testified as follows:

"It was torn up at a number of places. You could see daylight all through it. * * * The boards appeared to be moved around different ways. We could see light all through it. They appeared to be shifted all around. * * * It appeared to me to be an opening all the way across the stack, about the width of the board,—that is, the largest opening,—and numerous openings through the stack. * * * A number of openings and holes. It was all over full of holes, like it was moved around,—these boards had been moved around. * * * The opening * * * was the full length of the flooring, and appeared to be about a foot wide. There were several other smaller openings in the flooring. * * * Right after the accident, I went in and looked up at it, and several holes in the platform. * * * The board in the center had been removed, to make the opening for this line to go through, and then the hole also where the timber came through. * * * I saw an opening through the center, V-shaped, and right north of that opening was another small opening, probably six inches or so away."

There is other testimony also. Some witnesses heard a crash; others did not. Some said there was much noise in the stack; one apparently said there was little or none, when the accident happened. Without further detail, I think I have referred to enough of the evidence to show that there was a conflict concerning the condition of the platform and the path of the stringer, and that the testimony was not uncontradicted upon this point. I do not see how the case could have been taken from the jury. The motion is refused, and judgment is directed to be entered upon the verdict.